UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:08-cv-293

| | |
|---|---|
| IN THE MATTER OF THE FORECLOSURE By RICHARD P. MCNEELY, Substitute Trustee, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| MOAB TIARA CHEROKEE KITUWAH NATION CHIEF, ANEWA SHAPHEEM TIARI-EL MEMBER, TARA SOPH TIARI-EL, et al., | ) ) ) ) ) |
| Defendant. | ) |

**THIS MATTER** comes now before the Court upon Defendant Anewa Shaplheem Tiari-El's "Petition For Temporary Restraining Order." (Doc. No. 3). Defendant filed the motion seeking to restrain Plaintiff from evicting Defendant and her family from her home. Although Defendant purports to bring this action pursuant to Rule 65(b) of the North Carolina Rules of Civil Procedure, it is a long-established principle that matters of procedure in federal court are governed by the Federal Rules of Civil Procedure. Under those rules, Defendant's Petition must be **DENIED**.

Rule 65(b) provides a mechanism whereby the movant may temporarily restrain an adverse party, without advance notice to that party, but only if

> specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result before the adverse party can be heard in opposition . . . [and] the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). In evaluating a request for a temporary restraining order ("TRO"), the Court considers the same factors applied to a motion for a preliminary injunction. Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411 (4th Cir. 1999). Those factors are: (1) the likelihood of

irreparable harm to the plaintiff if the injunctive relief is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest. Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991). A temporary restraining order is an extraordinary remedy which involves the exercise of far-reaching powers which are to be used sparingly by a court. Scotts Co. v. United Indus. Corp., 315 F.3d 264, 272 (4th Cir. 2002).

Defendant's Petition fails both procedurally and substantively. Procedurally, Defendant has failed to provide the Court with any facts that her irreparable harm will occur before the adverse side could be heard in opposition of her injunctive relief request.[1] Substantively, even if the Court assumes that the loss of her home through foreclosure proceedings amounts to irreparable harm, Defendant has failed to demonstrate that she would succeed on the merits at trial. Thus, the Court does not find any reason to use the extraordinary remedy of a TRO.

Accordingly, for the reasons stated herein, Defendant's "Petition For Temporary Restraining Order" is **DENIED**.

**IT IS SO ORDERED**.

Signed: June 26, 2008

Robert J. Conrad, Jr.
Chief United States District Judge

---

[1] The Court has not been advised as to the date set for eviction or the foreclosure sale of Defendant's property.