# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

### DOCKET NO. 3:08-cv-00293-FDW

| | | |
|---|---|---|
| **In the Matter of the Foreclosure by** | ) | |
| **Richard P. McNeely,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **ORDER** |
| **vs.** | ) | |
| | ) | |
| **Moab Tiara Cherokee Kituwah Nation** | ) | |
| **Chief et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

THIS MATTER comes now before the Court upon Plaintiff's Motion to Remand to State Court (Doc. No. 6). The initial pleading in this case, the "Notice of Hearing on Foreclosure of Deed of Trust," was filed on November 5, 2007. Defendant did not file her Notice of Removal until June 25, 2008, well outside the thirty-day time limitation in 28 U.S.C. § 1446. Beyond this procedural error, no where does Defendant's Notice of Removal adequately explain the basis for this Court's jurisdiction. Defendant states that her claims "invoke the Indigenous Secured Party's absolute rights for a federal question." (Doc. No. 1 ¶ 3.) This action appears to be a simple foreclosure action of real property located at 1301 Bershire Lane, Charlotte, North Carolina. According to the Notice of Hearing, Defendant had "failed to make the payments of principle and interest required under the Note secured by [the] Deed of Trust." (Doc. No. 1.) Defendant argues that the proper procedures for a foreclosure action were not followed. Nothing in these facts suggests the presence of a federal question. Furthermore, Defendant has not responded to Plaintiff's Motion to Remand, thereby foregoing her opportunity to again direct the Court to a proper basis for subject matter jurisdiction.

Because the Court appears to lack subject matter jurisdiction, it must remand this case to the Mecklenburg County court from which it was removed.

Plaintiff has asked that he be awarded costs, expenses, and attorney's fees under 28 U.S.C. § 1447(c). According to Plaintiff, removal in this case may require him to re-notice, re-publish, and re-sell the real property in question. Because Defendant's removal of this case appears to be frivolous, Plaintiff's request for attorney's fees is GRANTED.[1] Plaintiff shall submit an affidavit detailing his attorney's fees for the Court's review. All other costs may be addressed to the Clerk of Court pursuant to Local Rule of Civil Procedure 54.1.

Accordingly, Plaintiff's Motion to Remand is GRANTED and this action is hereby REMANDED to Mecklenburg County court. The Court retains jurisdiction for the purposes of considering the award of attorney's fees.

IT IS SO ORDERED.                    Signed: September 3, 2008

Frank D. Whitney
United States District Judge

---

[1] Should there, in fact, be a non-frivolous reason for removal, Defendant may file a motion for reconsideration of the Court's award of attorney's fees within ten (10) calendar days of this Order.